LONDON SHOP *v.* UNITED STATES

**No. 5869.**—Invoice dated London, England, February 9, 1942.
Certified February 10, 1942.
Entered at Los Angeles, Calif., April 9, 1942.
Entry No. 542.

(Decided May 10, 1943)

*Harper & Harper* (*Walter I. Carpeneti* of counsel) for the plaintiff.

*Paul P. Rao*, Assistant Attorney General (*Daniel I. Auster*, special attorney), for the defendant.

OLIVER, Presiding Judge: This appeal for reappraisement has been submitted for decision upon the following stipulation of counsel for the parties hereto:

It is hereby stipulated by and between counsel for the plaintiff and the Assistant Attorney General for the United States, subject to the approval of the court:

(1) That the merchandise ties, covered by the appeal enumerated above, and represented by the items marked A and initialed *CDG* on the invoice by examiner *C. D. Gilroy* consists of silk-lined wool and cotton ties imported from Great Britain.

(2) That the appraised values of the merchandise marked A included in this appeal, less any additions made by the importer under duress at the time of entry, represent the prices at the time of exportation of such merchandise to the United States at which such or similar merchandise was freely offered for sale to all purchasers in the principal markets of the country from which exported, in the usual wholesale quantities and in the ordinary course of trade, for exportation to the United States, and represent the export value of such merchandise and that there were no higher foreign values at the time of exportation thereof.

(3) That the appeal is abandoned as to all merchandise not marked A, and that this case is submitted on the foregoing stipulation.

On the agreed facts I find the export value, as that value is defined in section 402 (d) of the Tariff Act of 1930, to be the proper basis for the determination of the value of the merchandise represented on the invoices by the items marked A and initialed CDG by examiner C. D. Gilroy, and that such values are the appraised values, less any additions made by the importer under duress at the time of entry.

The appeal having been abandoned insofar as it relates to all other merchandise, to that extent the appeal is hereby dismissed.

Judgment will be rendered accordingly.